**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kevin DeVillion,

Plaintiff,

v.

Frank R. Milczark, sued as Frank Milczark; Rick Harry; Anita Schlank; Joanne Fairfield; Tom Lundquist; and John Mandernach,

Defendants.

Civil No. 01-617 (DWF/SRN)

**ORDER**

---

Kevin DeVillion, Pro Se, Moose Lake Regional Treatment Center, 1111 Highway 73, Moose Lake, MN 55767, Plaintiff.

Margaret H. Chutich, Assistant Attorney General, 525 Park Street, Suite 500, St. Paul, MN 55103-2106, counsel for Defendants.

---

This matter is before the Court upon Plaintiff's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated November 7, 2001, recommending that Defendants' motion to dismiss be granted; that Plaintiff's claims based on alleged violations of his federal constitutional rights be dismissed with prejudice, and that Plaintiff's claims based on state law should be dismissed without prejudice; that Plaintiff's motion for appointment of counsel be denied; that Plaintiff's motion for default judgment be denied; that Plaintiff's two motions asking the Court to deny Defendants' motion to dismiss be denied; and that this action be dismissed. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court's review of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FILED DEC 2 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 2 1 2001
DEPUTY CLERK

**ORDER**

1. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated November 7, 2001 (Doc. No. 28), is **ADOPTED**.

2. Defendants' motion to dismiss (Doc. No. 9) is **GRANTED**.

3. Plaintiff's claims based on alleged violations of his federal constitutional rights are **DISMISSED WITH PREJUDICE**, and Plaintiff's claims based on state law are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's motion for appointment of counsel (Doc. No. 2) is **DENIED**.

5. Plaintiff's motion for default judgment (Doc. No. 8) is **DENIED**.

6. Plaintiff's two motions asking the Court to deny Defendants' motion to dismiss (Doc. Nos. 15 and 19) are **DENIED**.

7. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 21, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995